## ALONZO SHERMAN vs. EBENEZER N. DAVIS.

Counsel for the respective parties stipulated, at the time of the informal call of the calender, that their case should not be tried before a certain day named. Some of the witnesses for the prevailing party remained in attendance upon court until the trial. *Held*, that such prevailing party was entitled to recover fees for all the time such witnesses were in attendance at court.

*Kalamazoo Circuit, May*, 1870.

The regular term of court commenced May 2d.

*J. L. Hawes*, Attorney for Plaintiff, and

*H. C. Briggs*, Attorney for Defendant,

stipulated, at the time of the informal call of the calendar, that the cause should not be placed on the call-board before the 17th day of May. The cause was not reached on the 17th, and counsel for the respective parties further stipulated that the same should not be placed on call until a subsequent day in the term—on which subsequent day the trial was had, and judgment rendered for the plaintiff.

A number of the plaintiff's witnesses were in attendance, notwithstanding the stipulation, between May 2d and the 17th, and between the 17th and the day of trial, as well as on the day of trial.

*By the Court*, BROWN, J.—Plaintiff asks costs for his witnesses

who remained in attendance upon Court, notwithstanding the stipulation of counsel relative to 'the call of the case. Nothing was said in the stipulation, about the attendance or non-attendance of witnesses. They might, for all that appears, have been here from a great distance, so that their traveling expenses, had they returned home, would have equalled their fees for their attendance through the term.

I think, in the absence of any express stipulation, the prevailing party should recover his witness fees for the time they are in actual attendance upon Court. Let the costs in this case be taxed accordingly.